DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

GOVERNMENT OF THE VIRGIN ISLANDS,   )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )
                                    )   Civil Action No. 2020-0003
THOSE CERTAIN UNDERWRITERS AT       )
LLOYDS OF LONDON SUBSCRIBING TO     )
POLCY NHM-17-1101, et al.,          )
                                    )
        Defendants.                 )
                                    )

**Attorneys:**
**Javier Delgado, Esq.,**
West Palm Beach, FL
    *For Plaintiff*

**Neal R. Novak, Esq.,**
Chicago, IL
**Gregory L. Mast, Esq.,**
**Rachel E. Hudgins, Esq.,**
Atlanta, GA
    *For Defendants*

<u>**MEMORANDUM OPINION**</u>

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Plaintiff's "Motion to Remand" (Dkt. No. 4) and the parties' "Joint Stipulation to Remand Action to Superior Court" ("Stipulation") (Dkt. No. 10).[1] For the following reasons, the Court finds that the record does not establish that it has subject matter jurisdiction over this action. Therefore, the Court will grant Plaintiff's Motion to Remand.

---

[1] In the Stipulation, the parties note that the Defendants were "misnamed" in this action as "Certain Underwriters at Lloyds of London Subscribing to Policy No. NHM-17-1101" rather than "Certain Underwriters at Lloyd's, London Subscribing to Policy No. B1079NPD172285." (Dkt. No. 10 at 1).

### I.  BACKGROUND

On September 6, 2016, Plaintiff, the Government of the Virgin Islands, commenced an action in Superior Court alleging various contractual and tort-based claims arising out of alleged property damage caused by Hurricanes Irma and Maria. (Dkt. No. 1-1). Pursuant to 28 U.S.C. § 1441, Defendants removed this action from the Superior Court based on purported federal subject matter jurisdiction under 28 U.S.C. § 1332, asserting that complete diversity of citizenship exists between Plaintiff and Defendants. (Dkt. No. 1 at 3). Plaintiff then moved to remand, arguing that the Court does not have jurisdiction over the matter because, as a territory, Plaintiff cannot be a citizen for purposes of diversity of citizenship. (Dkt. No. 4). The parties subsequently filed the Stipulation, wherein they agree that the case should be remanded to the Superior Court; that Plaintiff will not seek costs associated with the removal or the remand; and that Defendant's pending Motion to Dismiss and all applicable responses and replies will be deemed as filed based on the date said briefs were filed with the Court. (Dkt. No. 10, ¶¶ 6-8).

### II.  DISCUSSION

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[I]n order to carry out the Congressional intent to limit jurisdiction in diversity cases, doubts must be resolved in favor of remand." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 403 (3d Cir. 2004) (citing *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991)); *see also Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985) ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand.").

Defendants removed the instant case to federal court on the basis of purported diversity jurisdiction. (Dkt. No. 1). Pursuant to 28 U.S.C. § 1441(a), a defendant "has the right to remove a civil action from state court if the case could have been brought originally in federal court." *Id*. "For a removal predicated upon diversity of citizenship, a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant." *Id*. Conversely, the presence of a non-diverse party automatically destroys subject matter jurisdiction. *See Brown v. JEVIC*, 575 F.3d 322, 327 (3d Cir. 2009).

Here, Plaintiff does not contest that the damages requested in each case exceed the statutory $75,000 amount in controversy required for diversity jurisdiction under 28 U.S.C. § 1332(a). (Dkt. No. 10). However, Plaintiff, the Government of the Virgin Islands, is a United States territory and therefore not a "citizen" for purposes of diversity jurisdiction. 28 U.S.C. § 1332; *Ramada Inns, Inc. v. Rosemount Memorial Park Assoc*., 598 F.2d 1303, 1306 (3d Cir. 1979) ("[I]t is well settled that a state is not a citizen within the meaning of the diversity statute . . . [A]n action brought by a citizen of one state against another state is not cognizable under [28 U.S.C. §] 1332 . . . ."). "The word 'States,' as used in this section, includes the Territories . . . ." 28 U.S.C. § 1332(e). Accordingly, the Court lacks subject matter jurisdiction over this action.

### III.   CONCLUSION

For the foregoing reasons, the Court will remand the case to the Superior Court because it lacks subject matter jurisdiction over this action. Because the Court does not have jurisdiction, it cannot address any issues presented. *Abels*, 770 F.2d at 29 ("explaining that [l]ack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile . . . ."). Accordingly, the Court will not address, nor will it include any provision in its Order concerning, the parties' agreement that "Plaintiff will not seek fees or costs associated with the

removal or the remand" or that "the pending Motion to Dismiss and all applicable Responses and Replies will be deemed as filed based on the date said briefs were filed with this Court." (Dkt. No. 10, ¶¶ 7-8).

An appropriate Order accompanies this Memorandum Opinion.

Date: April 24, 2020                                             _____/s/_____
                                                                 WILMA A. LEWIS
                                                                 Chief Judge